```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
JESSE GREEN,                          :
                                      :
              Petitioner,             :    06 Civ. 6962 (JSR)
                                      :
         -v-                          :    ORDER
                                      :
WILLIAM BROWN,                        :
                                      :
              Respondent.             :
------------------------------------- x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-5-08

JED S. RAKOFF, U.S.D.J.

On October 29, 2007, the Honorable Ronald Ellis, United States Magistrate Judge, issued a Report and Recommendation ("Report") in the above-captioned case recommending that Green's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Judge Ellis found that the petition was time barred because Green's conviction became final on August 4, 2005 and Green did not file his habeas petition until August 5, 2006, one day beyond the one year limit applicable in habeas cases pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See 28 U.S.C. § 2244(d)(1). Judge Ellis then considered whether the statute of limitations was tolled, either as a result of the filing of a state post-conviction motion or as a matter of equitable tolling. He found that because Green's state post-conviction motion was not filed until September 7, 2006, after the AEDPA statute of limitations had run, the motion did not toll the one year period in which to file a federal habeas petition. He also found that Green had made no allegations to justify equitable tolling and that equitable tolling was not warranted. Finally, Judge Ellis found that, on the record before

him, Green had not shown that no reasonable juror would not have found him guilty beyond a reasonable doubt, and therefore he did not qualify for an actual innocence exception to the AEDPA statute of limitations, if such an exception exists, see Whitley v. Senkowski, 317 F.3d 223, 225 (2d Cir.2003).

In the alternative, Judge Ellis went on to hold that the petition should be dismissed on the merits. In this regard, Judge Ellis held that Green had exhausted his state judicial remedies because he had raised his federal constitutional claim of ineffective assistance of counsel on appeal before the New York State courts and had presented there the factual and legal bases of his claim. Judge Ellis further held that, because the state court's decision was not contrary to, nor involved an unreasonable application of, clearly established federal law, Green's claim of ineffective assistance of counsel was without merit and his habeas petition should be dismissed.

After the Report issued, petitioner submitted no objection to any part of Judge Ellis's report, but respondent submitted a timely objection. Respondent agreed that Green's petition was untimely, but argued that Judge Ellis should not have reached the merits of the petition. Since neither petitioner nor respondent has filed any objection to Judge Ellis's holding that Green's habeas petition was untimely, therefore, for that reason alone, the parties have waived any right to review of that issue by this Court. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); Mario v. P & C Food Markets, Inc., 313

F.3d 758, 766 (2d Cir. 2002). Accordingly, the Court hereby adopts the portion of the Report and Recommendation that finds the petition time barred, and, for the reasons stated therein, dismisses the petition with prejudice without reaching the alternative ground.

Because, moreover, petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, see 28 U.S.C. § 2253, and the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Moreover, as petitioner's claim lacks any arguable basis in law or fact, permission to proceed in forma pauperis is denied. See 28 U.S.C. § 1915(a)(3); see also Seimon v. Emigrant Savs. Bank (In re Seimon), 421 F.3d 167, 169 (2d Cir. 2005).

Clerk to enter judgment.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:   New York, New York
         February 4, 2008